# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADAM AUSLOOS, | Case No.: 2:22-cv-00372-APG-DJA |
| Petitioner | **ORDER (1) GRANTING MOTION TO QUASH SERVICE, (2) DENYING MOTION TO DISMISS, (3) DENYING MISFILED MOTION, (4) DEEMING ORDER TO SHOW CAUSE SATISFIED, and (5) REQUIRING AUSLOOS TO PROPERLY SERVE THE RESPONDENTS** |
| v. | |
| ROBERT J. BINKELE and ESTATE PLANNING TEAM, INC., | |
| Respondents | |
| | [ECF Nos. 11, 13, 17] |

Petitioner Adam Ausloos moves to vacate an arbitration award against him and in favor of respondents Robert Binkele and Estate Planning Team, Inc (EPT).  Binkele moves to quash service and dismiss the action, maintaining that the purported service of process on his wife, Kelly Binkele, never occurred.  Ausloos contends that Mrs. Binkele was served and that service on her is sufficient to serve the respondents.  He also asserts that Mr. Binkele impermissibly moves to dismiss the case on behalf of EPT.

I previously ordered Ausloos to show cause why this case should not be dismissed for lack of subject matter jurisdiction because his state citizenship was in question. ECF No. 27. Ausloos provided evidence that the parties are diverse. ECF Nos. 28; 28-1; 28-2.  I thus deem the order to show cause satisfied and will exercise jurisdiction over this case.

I grant the motion to quash service because Ausloos' return of service is deficient, and he offers no other admissible evidence proving proper service.  I deny the motion to dismiss

because I will grant Ausloos additional time to properly serve the respondents.  I deny ECF No. 17 because it is an affidavit misfiled as a motion.

## I. ANALYSIS

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  If a defendant is not properly served under Rule 4, he can assert the defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," the serving party must substantially comply with the rule. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).  The serving plaintiff bears the burden of establishing that a challenged service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

A signed return of service constitutes prima facie evidence of valid service. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).  However, a vague return is insufficient. S*ee Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005) (noting that several federal courts "have held vague returns . . . to be inadequate").  Parties may support their positions on a Rule 12(b)(5) motion with affidavits and other evidence, but those documents must comply with the Federal Rules of Evidence. *See, e.g.*, *Travelers Cas. & Sur. Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 922-23 (D. Ariz. 2003) (collecting cases); *Worthen v. Aftermath, Inc.*, No. 2:11-cv-00344-RLH-CWH, 2011 WL 5239986, at *2 n.3 (D. Nev. Oct. 31, 2011).  I have discretion to dismiss the action or quash service if service is insufficient. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

The parties agree that service may be made according to the law in Nevada (where this judicial district is located) or California (where service allegedly occurred).[1] *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  However, they dispute whether service occurred or otherwise complied with the rules.  Ausloos asserts that Van Wilcox, a process server, personally served Mrs. Binkele on March 12, 2022.  He claims that he subsequently sent case filings via UPS as a precaution to comply with California law, but that Mrs. Binkele's personal service complied with Nevada law.  As proof of service, Ausloos offers an affidavit from Wilcox stating that Wilcox "served the above-described documents in the above-entitled matter upon Kelly Binkele [a]gent for Robert Binkele." ECF No. 10.  Ausloos also offers his own declaration wherein he outlines Wilcox's efforts to serve the respondents and Mrs. Binkele. ECF No. 18-1.

Mr. Binkele argues that service on Mrs. Binkele never occurred, and that Wilcox's return of service is defective.  He submits a declaration from Mrs. Binkele stating she has never met Wilcox and was not served by him. ECF No. 14.  She claims she only received relevant documents one week later, when "some filings" were delivered via UPS. *Id.* at 2.  Mr. Binkele also offers a photo of the UPS package and a still image from a doorbell camera depicting the UPS delivery person. ECF Nos. 14-1 at 2; 14-2 at 2.

**A.  In-Person Service on March 12, 2022**

In Nevada, a party may serve an individual out of state "by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served." Nev. R. Civ. P. 4.2(a)(2), 4.3(a)(1).  Service may be made on a

---

[1] Ausloos does not reference the Federal Rules of Civil Procedure in his response brief, but he argues that he complied with the Nevada and California rules.

3

1  corporate entity by serving an officer of the corporation. Nev. R. Civ. P. 4.2(c)(1)(A), 4.3(a)(3).

2         Mr. Binkele does not dispute that the Binkeles reside together or that Mrs. Binkele is of

3  suitable age and discretion.  And Ausloos offers unrefuted evidence that Mrs. Binkele is an

4  officer of EPT. ECF No. 18-2 at 1-3.  Thus, proper personal service on her could constitute

5  service on the respondents under Nevada law.

6         However, Ausloos has not met his burden of proving personal service on Mrs. Binkele.

7  Wilcox's affidavit is defective because it fails to disclose enough facts to demonstrate valid

8  service.  Wilcox says he served "the above-described documents," but no documents are

9  described other than the document title: "motion to vacate arbitration award."[2] ECF No. 10 at 1-

10  2.  A return of service mistitled as a motion to vacate is insufficient to prove that the motion to

11  vacate was served.  The affidavit does not identify any other documents served on Mrs. Binkele,

12  nor does it detail the manner of service beyond a statement that Wilcox left the unspecified

13  documents with "Kelly Binkele [a]uthorized to accept service." *Id.* at 2.  It also fails to clearly

14  state which respondent Wilcox intended to serve by serving Mrs. Binkele.  The return of service

15  is therefore too vague to qualify as prima facie evidence of sufficient service of process.

16         Ausloos also offers his own declaration, but it fails to cure Wilcox's defective proof of

17  service.  The Ausloos declaration states that Wilcox "served Mrs. Binkele personally to serve

18  both Mr. Binkele and EPT" and "read and explained the contents of documents being served to

19  Mrs. Binkele." ECF No. 18-1 at 2.  Ausloos claims that he learned this information from Wilcox.

20  *Id.*  However, Ausloos' declaration cannot be relied on to prove service because it is

21  inadmissible: Ausloos lacks personal knowledge of service by Wilcox. *See* Fed. R. Evid. 602.

22

23

---

[2] Because the return of service is mistitled as a motion to vacate, it was misfiled as a motion. ECF No. 17.  I therefore deny ECF No. 17.

Nearly all of Ausloos' declaration relies on Wilcox's statements, which are third-party statements offered for the truth of the matter asserted.  They are thus inadmissible hearsay and Ausloos points to no applicable hearsay exception. Fed. R. Evid. 801, 802.  Because it is not admissible evidence, Ausloos' declaration cannot rectify Wilcox's vague return of service.[3]

**B.  Service by Mail on March 19, 2022**

Ausloos argues that he complied with section 415.20(b) of the California Code of Civil Procedure by personally serving Mrs. Binkele and thereafter mailing process.  California permits partial service by mail if "a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." Cal. Code Civ. P. § 415.20(b).  A plaintiff may comply with this section by leaving a copy of the summons and complaint at the defendant's dwelling "in the presence of a competent member of the household . . . who shall be informed of the contents thereof." *Id.*  The plaintiff must then mail a copy of the summons and complaint via first-class mail, postage prepaid, "to the person to be served at the place where a copy of the summons and complaint were left." *Id.*

Ausloos has not met his burden of showing that service complied with California law. He does not offer admissible evidence of what documents were left with Mrs. Binkele or whether Wilcox informed her of their contents.  Ausloos also fails to show that he mailed process to Mr. Binkele, the person to be served, by first-class mail.  The UPS label is ambiguously addressed "Attn Kelly Binkele" on the first line and "Robert Binkele Estate Planning Team" on the second line. ECF No. 14-1 at 2.  And Ausloos does not address whether mail by UPS is equivalent to first-class mail under § 415.20(b).  Finally, § 415.20(b) requires reasonable diligence to serve the

---

[3] Even if Ausloos' declaration were admissible, I would not find it sufficient to prove valid service because Ausloos lacks personal knowledge of Wilcox's actions.

defendant before serving a household member.  Wilcox's affidavit does not describe any efforts to serve Mr. Binkele before serving Mrs. Binkele.  Only the hearsay statements in Ausloos's declaration address reasonable diligence to serve Mr. Binkele.  Because there is no admissible evidence that Mr. Binkele was served in accordance with § 415.20(b) of the California Code of Civil Procedure, Ausloos has not proved that service complied with California law.

### C. Remedy

Mr. Binkele requests that I dismiss this action without prejudice or, in the alternative, quash service.  The motions to dismiss and quash are brought by Mr. Binkele, but he also requests that I dismiss the action as to EPT.  Ausloos argues that I cannot grant relief to EPT because Mr. Binkele impermissibly moves on behalf of it.

"[A] party generally must assert his own legal rights and interests." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quotation omitted).  Thus, Mr. Binkele may not seek a remedy on EPT's behalf.  Nonetheless, Federal Rule of Civil Procedure 4(m) requires Ausloos to serve the respondents within 90 days of commencing this case.  He has failed to establish proper service on EPT for the same reasons service on Mr. Binkele is insufficient.  More than 90 days from the commencement of this case have passed and Ausloos has not properly served either respondent. I therefore must either dismiss the case after giving an opportunity to show cause for the delay or provide a deadline for Ausloos to serve the respondents. Fed. R. Civ. P. 4(m); *see also Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293 (stating a district court has discretion to dismiss or quash).

The respondents filed a separate action (which has been consolidated into this case) to confirm the same arbitration award that Ausloos seeks to vacate. *Binkele v. Ausloos*, 2:22-cv-00675-APG-NKJ.  Thus, one way or another I will eventually consider the merits of the award regardless of whether I dismiss Ausloos' action.  I therefore grant the motion to quash service

6

but deny the motion to dismiss.  An order to show cause is unnecessary because Ausloos has already explained his efforts to serve process.  But those efforts did not comply with the applicable rules, so I order him to properly serve the respondents by December 30, 2022.  Given that the cases are now consolidated and both parties seek a determination whether the arbitration award is valid and binding, I recommend that the parties confer about whether the respondents will accept service of process from Ausloos so the case can proceed to a decision on the merits more efficiently.

**II.  CONCLUSION**

I THEREFORE ORDER that the order to show cause **(ECF No. 27)** is satisfied and this action will not be dismissed for lack of subject matter jurisdiction.

I FURTHER ORDER that the motion to dismiss **(ECF No. 11) is DENIED**.

I FURTHER ORDER that the motion to quash service **(ECF No. 13) is GRANTED**.

I FURTHER ORDER that the misfiled motion to vacate arbitration award **(ECF No. 17) is DENIED**.

I FURTHER ORDER that petitioner Adam Ausloos must serve the respondents in compliance with Federal Rule of Civil Procedure 4 by December 30, 2022.  In the alternative, the parties may file a stipulation of service on the respondents by that same date.

DATED this 15th day of November, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE