UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM AUSLOOS, | Case No.: 2:22-cv-00372-APG-DJA |
| Petitioner | **Order Denying Motion to Vacate Arbitration Award** |
| v. | |
| ROBERT J. BINKELE and ESTATE PLANNING TEAM, INC., | [ECF No. 5] |
| Respondents | |

Petitioner Adam Ausloos moves to vacate an arbitration award against him and in favor of respondents Robert Binkele and Estate Planning Team, Inc. (EPT). I previously quashed service because Ausloos did not comply with the Federal Rules of Civil Procedure's service requirements. ECF No. 29. I recommended that the parties stipulate to service, but I set a new service deadline of December 30, 2022. *Id.* at 7. The parties did not stipulate to service and Ausloos did not serve the respondents by the deadline.

Ausloos requests that I accept a return of service that I already ruled is deficient or give him additional time to fix the return. ECF No. 30. He asserts he made several attempts to communicate with the respondents' counsel to stipulate to service but received no response. *Id.* at 1. He also asserts he is awaiting correction of the defective proof of service. *Id.* at 1-2. The respondents dispute the extent of Ausloos' outreach but argue it is irrelevant because I offered stipulation as an option, not a requirement. ECF No. 31. They request that I dismiss his petition.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). If the plaintiff shows good cause

for his failure to timely serve, I must provide additional time. Fed. R. Civ. P. 4(m). Absent good cause, I have broad discretion to grant additional time or dismiss the case without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Ausloos has not shown good cause for his failure to timely serve the respondents. While I suggested that the parties stipulate to service, it was ultimately Ausloos' responsibility to serve process by December 30, 2022. That he was unsuccessful in securing a stipulation is not good cause for his failure to serve.[1] Nor is his failure to cure the deficient return of service because he could have properly served the respondents by the deadline instead of attempting to correct the return.

I THEREFORE ORDER that Ausloos' motion to vacate arbitration award **(ECF No. 5) is DENIED without prejudice**. Because the respondents seek to confirm the same arbitration award that Ausloos seeks to vacate, I will keep this case open. The respondents must file a motion to confirm the arbitration award by February 10, 2023. Ausloos must file his response within 14 days of service of that motion. The respondents may file a reply brief within 7 days of service of the response.

DATED this 12th day of January, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The respondents suggest that Ausloos was unsuccessful in contacting counsel because he emailed the inactive work email address of Jonathan Drews, who resigned from a law firm representing the respondents. ECF No. 31 at 2. Mr. Drews is listed in this case as a lead attorney and an attorney to be noticed. The Local Rules require an attorney to immediately file written notification of any change in contact information and include proof of service on the opposing party. LR IA 3-1. If an attorney seeks to withdraw from a case, he must file a motion or stipulation and serve it on the affected client and opposing counsel. LR IA 11-6.