UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADAM AUSLOOS, | Case No.: 2:22-cv-00372-APG-DJA |
| Petitioner and Cross-Respondent | **Order** |
| v. | [ECF Nos. 39, 47, 48] |
| ROBERT J. BINKELE and ESTATE PLANNING TEAM, INC., | |
| Respondents and Cross-Petitioners | |

Respondents and cross-petitioners Robert Binkele and Estate Planning Team (EPT) move to confirm an arbitration award issued to them against petitioner and cross-respondent Adam Ausloos. I previously denied without prejudice Ausloos's motion to vacate that award because he did not comply with the applicable service requirements. ECF No. 35. Ausloos moves for reconsideration of that order, renews his motion to vacate, and moves for leave to file a surreply. Binkele and EPT move to strike the motion for surreply.

I deny Ausloos's motions for reconsideration and for leave to file a surreply. But I will consider his renewed motion to vacate after briefing by the parties. I deny Binkele and EPT's motion to strike as moot.

**I. BACKGROUND**

Ausloos filed this action on March 1, 2022, seeking to vacate a December 6, 2021 arbitration award. ECF Nos. 1; 1-4. Binkele and EPT moved to dismiss Ausloos's motion to vacate or, alternatively, to quash service. ECF Nos. 11; 13. I granted the motion to quash because Ausloos's service affidavit was insufficient to prove proper service. ECF No. 29. I gave him 45 days to re-serve Binkele and EPT. Instead of doing that, he obtained an amended

affidavit of service from his process server, Van Wilcox, correcting the deficiencies in the original return.  But he neither filed that affidavit nor served Binkele and EPT during the 45-day window, so I denied without prejudice his motion to vacate the arbitration award. ECF No. 35. Shortly thereafter, Ausloos moved for reconsideration of my order and re-filed his motion to vacate. ECF Nos. 39; 41.  He also filed the amended affidavit of service correcting the deficiencies in the original. ECF No. 40.

## II.  ANALYSIS

### A.  MOTIONS FOR RECONSIDERATION & SURREPLY

#### 1.  Surreply

Ausloos seeks to file a surreply to Binkele and EPT's opposition to his motion for reconsideration.  However, Ausloos's proposed surreply is effectively an untimely reply brief because he is the movant of the underlying motion.  I deny his motion because he offers no justification for his failure to timely file a reply. *See* Fed. R. Civ. P. 6(b)(1)(B) (court may excuse failure to meet deadline for good cause and if untimeliness was due to excusable neglect). Because I deny Ausloos's motion, I deny Binkele and EPT's motion to strike as moot.

#### 2.  Reconsideration

Ausloos requests that I reconsider my denial of his motion to vacate.  I may reconsider an interlocutory order for cause under my inherent powers. LR 59-1(a).  Grounds for reconsideration include newly discovered evidence, clear error in the prior order, or an intervening change in controlling law. *Id.*  Ausloos "must state with particularity the points of law or fact that the court has overlooked or misunderstood." *Id.*  Motions for reconsideration are disfavored and should not re-raise arguments. LR 59-1(b); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is "an extraordinary remedy, to be

used sparingly in the interests of finality and conservation of judicial resources" (quotation omitted)).

Ausloos does not point to new evidence, an intervening change in law, or errors in my prior order that warrant reconsideration. He argues that I should grant his motion because he has submitted a new return of service that corrects the deficiencies in the original return. But his belated success in securing an amended return does not justify reconsideration, given that I granted him 45 additional days to properly serve Binkele and EPT and he failed to do so. *See* ECF Nos. 29 at 6-7; 35. Furthermore, my prior order did not grant Ausloos leave to cure the original, deficient affidavit of service. I quashed that service and ordered him "to properly serve the respondents by December 30, 2022." ECF No. 29 at 7. He did not comply with my order but instead tried to revive an already-quashed service.

Ausloos also argues that the outcome of my prior order is manifestly unjust because Binkele and EPT had actual notice of the motion to vacate and they simultaneously seek to confirm the same arbitration award. While I construe Federal Rule of Civil Procedure 4 liberally, actual notice alone is insufficient to excuse service defects. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). A court may excuse imperfect service if 1) the party to be served received actual notice, 2) that party would suffer no prejudice from the service defect, 3) there is a justifiable excuse for failure to properly serve, and 4) the serving party would be severely prejudiced if his complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

Ausloos offers no justifiable excuse for his failure to properly serve Binkele and EPT. My prior order was clear that because Ausloos had failed to produce sufficient proof of service, that service was quashed, and he had to re-serve Binkele and EPT. ECF No. 29 at 7. Ausloos

could have complied with my order by re-serving Binkele and EPT.  I recognize that Ausloos is pro se and originally relied on a process server who furnished a defective affidavit of service.  Nonetheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  I deny his motion for reconsideration.

### B.  RENEWED MOTION TO VACATE

After I dismissed his motion to vacate, Ausloos re-filed it. ECF No. 41.  He electronically served Binkele and EPT with the motion. *See id.* at 23.  Federal Rule of Procedure 5(b)(2)(E) permits electronic service of motions on a party with that party's written consent.  Registration with the court's electronic filing system constitutes consent to electronic service. LR IC 4-1(a).  Binkele and EPT are registered with the court's electronic filing system, as they have used it to file motions in this case. *See, e.g.*, ECF No. 36 at 6 (electronically filing motion to confirm arbitration award and electronically serving Ausloos).  So they have consented to electronic service of motions.

The Federal Arbitration Act (FAA) requires Ausloos to serve his motion to vacate on residents of the District of Nevada "as prescribed by law for service of notice of motion in an action in the same court," and nonresidents "by the marshal of any district within which the adverse party may be found in like manner as other process of the court." 9 U.S.C. § 12.  Because Rule 5 governs the service of motions, electronic service constituted proper service on EPT, which is incorporated in Nevada. *See* 28 U.S.C. § 1332(c)(1) (corporation is citizen of state where it is incorporated); ECF No. 27 at 2; *see also Dalla-Longa v. Magnetar Cap. LLC*, 33 F.4th 693, 695-96 (2d Cir. 2022) (when serving resident of the district, "the applicable law is Federal Rule of Civil Procedure 5"); *O'Neal Constructors, LLC v. DRT Am., LLC*, 991 F.3d 1376, 1379 (11th Cir. 2021) (same).  However, because Binkele is a citizen of California, the

4

text of the FAA appears to require service by the United States marshal.  But that requirement "is an artifact of the era in which the United States marshals were the default servers of process in federal courts, an era that ended in the early 1980s." *Technologists, Inc v. MIR's Ltd.*, 725 F. Supp. 2d 120, 126 (D.D.C. 2010).  Some courts strictly construe the provision and require a marshal to serve nonresidents. *See Bruno v. Abeyta*, No. CV-18-01124-PHX-DGC, 2018 WL 5634129, at *2 (D. Ariz. Oct. 31, 2018) (collecting cases).  Others agree that service under the Federal Rules of Civil Procedure suffices, but disagree whether a party can comply with § 12 by serving a nonresident under Rule 5 instead of Rule 4, which governs the service of process. *Compare Technologists, Inc.*, 725 F. Supp. 2d at 126-27 (language "in like manner as other process of the court" requires service of nonresident under Rule 4), *with Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir. 1985) (if nonresident party to be served is already participating in proceedings, service under Rule 5 is sufficient), *and Greenwich Ins. Co. v. Goff Grp., Inc.*, 159 F. App'x 409, 411 (3d Cir. 2005) (service on nonresident under Rule 5 is proper "where a party is already before the court").

    I agree with the cases holding that service under Rule 5 of a motion to vacate is sufficient where the party served is already participating in the action.  Ausloos previously had to comply with Rule 4 because his original motion to vacate functioned as a complaint.  But now Binkele and EPT have moved separately in this case to confirm the arbitration award.  Ausloos responded by filing his renewed motion, which is "a written motion" subject to Rule 5's requirements. Fed. R. Civ. P. 5(a)(1)(D).  Ausloos therefore properly served that motion on Binkele and EPT under Rule 5 via the court's electronic filing system.  Even if Ausloos must serve Binkele under Rule 4 and has not done so, I can still consider his motion on the merits, if it is timely, because "a party may raise [grounds to vacate an arbitration award] as defenses to a motion to confirm an

arbitration award so long as those defenses are timely under the statute and any scheduling order." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1241 (11th Cir. 2021). While Binkele and EPT's failure to respond to the renewed motion to vacate technically constitutes consent to the grant of that motion (*See* LR 7-2(d)), I will give them additional time to oppose it.

## III.  CONCLUSION

I THEREFORE ORDER that Adam Ausloos's motion for reconsideration **(ECF No. 39) is DENIED**.

I FURTHER ORDER that Ausloos's motion for leave to file a surreply **(ECF No. 47) is DENIED**.

I FURTHER ORDER that Robert Binkele and Estate Planning Team's motion to strike **(ECF No. 48) is DENIED as moot**.

I FURTHER ORDER that Binkele and EPT must file their response brief to Ausloos's motion to vacate by July 6, 2023.  Ausloos may file a reply brief by July 14, 2023.

DATED this 28th day of June, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

6