# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ADAM AUSLOOS,

    Petitioner and Cross-Respondent

v.

ROBERT J. BINKELE & ESTATE
PLANNING TEAM, INC.,

    Respondents and Cross-Petitioners

Case No.: 2:22-cv-00372-APG-DJA

**Order (1) Denying Motion to Vacate
Arbitration Award and (2) Granting
Motion to Confirm Arbitration Award**

[ECF Nos. 36, 41]

    Robert Binkele and Estate Planning Team (EPT) obtained an arbitration award of $520,847.47 against Adam Ausloos. They move to confirm that award and Ausloos moves to vacate it. I grant the motion to confirm and deny the motion to vacate because Ausloos has not proved any of the grounds for vacatur by clear and convincing evidence.

## I. BACKGROUND

    In 2017, Ausloos and EPT executed a marketing sublicense agreement (MSA), which Binkele signed as EPT's CEO. ECF No. 36-2. The MSA permitted Ausloos to market EPT's proprietary trust structure in consideration for Ausloos paying an initial $125,000, plus an additional $125,000 in subsequent installments. *Id.* at 2-3; ECF No. 36-1 at 5-6. Sometime after the parties executed the MSA, their business relationship deteriorated because Ausloos felt that Binkele and EPT were not referring him business like he contends they promised. *See, e.g.*, ECF Nos. 41-6; 41-9 at 2-3; 41-14; 41-16; 41-24 at 1. In 2018, he sent several emails to third parties accusing Binkele and EPT of fraud and theft of his initial $125,000 payment. ECF No. 36-1 at 16-17. He requested that Binkele and EPT return his $125,000 and offered to retract his statements if they would do so, but they did not. *Id.*

1    Ausloos filed an arbitration complaint against Binkele and EPT alleging various claims,

2 including for breach of contract and fraud. *Id.* at 2-3.  Binkele and EPT filed several

3 counterclaims, including for slander per se and trade libel. *Id.*  A central dispute in the arbitration

4 was whether the parties agreed to a version of the MSA offered by Ausloos, which obligated

5 EPT to close a minimum amount of assets with him, or a version offered by Binkele and EPT,

6 which did not contain any such provision. *Id.* at 5, 8.  The version offered by Binkele and EPT

7 contained Binkele's and Ausloos's signatures, while the version offered by Ausloos contained

8 only his signature. *Compare* ECF No. 36-2 at 9, *with* ECF No. 41-11 at 9.

9    The arbitrator determined that the operative MSA between the parties was the version

10 that lacked a guarantee provision, denied Ausloos's claims, and awarded Binkele and EPT

11 $125,000 on the merits of their slander and trade libel counterclaims. ECF No. 36-1 at 10-13, 19.

12 The arbitrator also awarded $395,847.47 in attorney's fees and costs. *Id.* at 26.  Ausloos filed this

13 case seeking to vacate the arbitration award, and Binkele and EPT move to confirm it. ECF Nos.

14 1; 36; 41.

15 **II. ANALYSIS**

16    The parties appear to agree that I should apply Nevada law to the vacatur or confirmation

17 of the arbitration award, so I will do so.[1]  In Nevada, "courts are properly reluctant to overturn an

18

---

19 [1] I previously determined that I have jurisdiction over this case pursuant to diversity jurisdiction and the Federal Arbitration Act (FAA), which "create[s] a body of federal substantive law of

20 arbitrability, applicable to any arbitration agreement within the coverage of the Act." *See* ECF Nos. 27, 29; *Romero v. Watkins & Shepard Trucking, Inc.*, 9 F.4th 1097, 1100 (9th Cir. 2021)

21 (quotation omitted).  Caselaw appears to suggest that, even in diversity, I should apply the standards of the FAA if that was the parties' intent. *See, e.g.*, *Johnson v. Gruma Corp.*, 614 F.3d

22 1062, 1066-67 (9th Cir. 2010); *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 386 F.3d 1306, 1311-12 (9th Cir. 2004); *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986).  While the contract at issue in

23 this case is governed by Nevada law, the parties agreed to arbitrate any dispute "pursuant to the FAA." ECF No. 36-2 at 7.  That evinces an intent to adopt FAA rules for arbitration. Nonetheless, I will analyze the motions in this case under Nevada law because each party

1   arbitration award once rendered." *News+Media Cap. Grp. LLC v. Las Vegas Sun, Inc.*, 495 P.3d

2   108, 114-15 (Nev. 2021) (en banc).  "Nevada recognizes both common-law grounds and

3   statutory grounds for examining an arbitration award." *Health Plan of Nev., Inc. v. Rainbow*

4   *Med., LLC*, 100 P.3d 172, 176 (Nev. 2004) (en banc).  Ausloos bears the burden of proving by

5   clear and convincing evidence that I should vacate the award. *News+Media*, 495 P.3d at 115.

6   The grounds for vacatur "are quite narrow and present a high hurdle." *Id.* (quotation omitted).

7   Even serious error committed by the arbitrator does not merit vacatur of the arbitration award. *Id.*

8          The Nevada Revised Statutes (NRS) supply several grounds to vacate an arbitration

9   award.  Relevant to Ausloos's arguments, I may vacate an award if (1) the arbitrator acted with

10  corruption, prejudicial misconduct, or evident partiality, or (2) the arbitrator refused to consider

11  material evidence, causing substantial prejudice to a party. NRS § 38.241.  Under the Nevada

12  common law, I may vacate an arbitration award (1) if it is arbitrary, capricious, or unsupported

13  by the arbitration agreement, or (2) when an arbitrator manifestly disregarded the law. *WPH*

14  *Architecture, Inc. v. Vegas VP, LP*, 360 P.3d 1145, 1147 (Nev. 2015).

15         Ausloos argues I must vacate the award because the arbitrator was biased, acted

16  arbitrarily and capriciously, refused to consider material expert testimony and phone call

17  recordings, failed to apply the litigation privilege to Ausloos's defamatory statements,

18  misapplied California law in awarding attorney's fees and costs, and failed to give the time and

19  attention necessary to resolve the case.  Binkele and EPT respond that Ausloos is merely

20  dissatisfied with the award, but he cannot offer any credible grounds for me to vacate it.  They

21

22  _____

    apparently understands Nevada law to apply and cites to Nevada law in its briefing.  The
23  outcome would be the same even if I applied the FAA because the statutory grounds for vacatur
    and confirmation under the FAA and Nevada law are substantially similar. *Compare* 9 U.S.C.
    §§ 9, 10, *with* NRS §§ 38.239, 38.241.

1    argue that even if the arbitrator committed errors, none merits vacatur of the award and they

2    request that I instead confirm it.

3         **A.  $125,000 Award for Slander Per Se and Trade Libel**

4         Ausloos argues the arbitrator acted arbitrarily and capriciously by awarding Binkele and

5    EPT $125,000 for slander and trade libel.  He argues that the arbitrator made no effort to

6    determine a reasonable damages calculation and instead calculated damages based "on the fact

7    that Mr. Binkele said he should be awarded $250,000 while [Ausloos] said he should be awarded

8    zero." ECF No. 41 at 5.  He also argues that there was insufficient evidence to find that he

9    defamed Binkele and EPT.  Binkele and EPT respond that the arbitrator's decision was well-

10   supported by the evidence in the record.

11        An arbitration award is arbitrary and capricious if it is not supported by substantial

12   evidence. *Clark Cnty. Educ. Ass'n v. Clark Cnty. Sch. Dist.*, 131 P.3d 5, 9-10 (Nev. 2006).

13   "Substantial evidence is that which a reasonable mind might accept as adequate to support a

14   conclusion." *King v. St. Clair*, 414 P.3d 314, 316 (Nev. 2018) (en banc) (quotation omitted).  I

15   therefore ask whether Ausloos has proved by clear and convincing evidence that the arbitrator's

16   $125,000 award was not supported by substantial evidence.

17        Binkele and EPT's claims for slander and trade libel were based on California law. ECF

18   No. 36-1 at 3.  In California, a statement that constitutes slander per se "require[s] no proof of

19   actual damages." *Regalia v. The Nethercutt Collection*, 172 Cal. App. 4th 361, 367 (2009); *see*

20   *also Cheung v. Daley*, 35 Cal. App. 4th 1673, 1677 n.7 (1995).  "Words which fall within the

21   purview of [California] Civil Code section 46 . . . constitute slander per se." *Albertini v.*

22   *Schaefer*, 97 Cal. App. 3d. 822, 829 (1979).  Under California Civil Code § 46, a statement is

23   slanderous per se when it is false, unprivileged, and "[t]ends directly to injure [the plaintiff] in

1    respect to his office, profession, trade or business, either by imputing to him general

2    disqualification in those respects which the office or other occupation peculiarly requires, or by

3    imputing something with reference to his office, profession, trade, or business that has a natural

4    tendency to lessen its profits."

5           Ausloos has not proved by clear and convincing evidence that the arbitrator's $125,000

6    award was arbitrary and capricious.  Ausloos makes bare assertions that his statements did not

7    meet the requirements for slander, but I see no defect in the arbitrator's reasoning in ruling

8    against Ausloos on Binkele and EPT's claims. *See* ECF No. 36-1 at 16-19.  Even if the arbitrator

9    committed legal errors, that would not be grounds to vacate the award.  Moreover, Ausloos has

10   not shown that the damages calculation was not supported by substantial evidence.  Ausloos

11   made some of his defamatory statements to Binkele's broker-dealer, and those statements could

12   tend to damage Binkele's business reputation as someone working in the financial services

13   industry. *Id.* at 16.  Binkele testified that he would estimate his damages at $250,000. *Id.* at 19.

14   Ausloos argues that the evidence showed that Binkele made more money after the defamatory

15   statements than before, but that ignores the principle that the statements are presumed to cause

16   damages under California law.

17          Ausloos also argues that the arbitrator acted arbitrarily and capriciously by not ruling that

18   his statements were protected by the litigation privilege, which shields a party from liability for

19   statements made in relation to litigation proceedings. *See People ex rel. Gallegos v. Pac. Lumber

20   Co.*, 158 Cal. App. 4th 950, 958 (2008) (statement privileged if made by litigant in judicial or

21   quasi-judicial proceeding to achieve the objective of the litigation and the statement had "some

22   connection or logical relation to the action" (quotation omitted)).  Ausloos asserts that his

23   statements were privileged because they were made in relation to judicial or quasi-judicial

proceedings.  Binkele and EPT respond that the arbitrator had a sufficient evidentiary basis for

denying Ausloos's assertion of the privilege.  Beyond stating in a conclusory fashion that his

statements were privileged, Ausloos points to no evidence that they qualified for the privilege

under either Nevada or California law.  He does not identify the relevant statements or explain

how they are entitled to the litigation privilege.  The mere fact that he made the statements in an

effort to recoup his $125,000 is insufficient to merit vacatur.  He thus has not met his burden of

proving by clear and convincing evidence that the arbitrator's denial of the privilege was

arbitrary and capricious.

### B.  Failure to Consider Material Evidence

Ausloos argues that I should vacate the award because the arbitrator failed to listen to

phone call recordings that "contained significant promises . . . by Binkele." ECF No. 41 at 11.

Binkele and EPT respond that Ausloos's bare assertions that the recordings were relevant does

not make them so.

Ausloos did not file the recordings in this case, so I cannot determine whether they were

material to the dispute.  Without knowing whether the recordings were material, I cannot

determine whether Ausloos was prejudiced by the arbitrator's refusal to consider them.  Ausloos

does not explain how the recordings would have impacted the arbitrator's decision.  While his

argument on this issue is not entirely clear, it appears he argues that Binkele made

representations about the framework of the business relationship between Ausloos and EPT, and

those representations did not comport with Ausloos's experience.[2]  But even if this were true, it

does not satisfy Ausloos's burden of proving that the recordings were material and that he was

---

[2] Ausloos's post-arbitration hearing brief discusses the contents of some recordings, but this is
insufficient for me to make an independent determination of the recordings' relevance. *See* ECF
No. 41-20 at 3.

1  substantially prejudiced by the arbitrator's refusal to consider them.  The recordings would

2  constitute parol evidence, which is not admissible when the contract to be interpreted is "valid,

3  complete, unambiguous, and unaffected by accident or mistake." *M.C. Multi-Family Dev., L.L.C.*

4  *v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 544 (Nev. 2008) (quotation omitted); *see also* ECF No.

5  36-2 at 7 (MSA governed by Nevada law).  While Nevada courts may consider parol evidence

6  "regarding the existence of a separate oral agreement as to any matter on which a written

7  contract is silent, and which is not inconsistent with its terms," both competing versions of the

8  MSA include an integration clause stating that the MSA "supersedes and cancels any prior oral

9  or written agreements between the parties with regard to the subject matter hereof." *M.C.*, 193

10 P.3d at 545 (simplified); ECF Nos. 36-2 at 8; 41-11 at 8.  Ausloos has thus not shown that any

11 promises made by Binkele in the recorded phone calls were material to the dispute or that

12 Ausloos suffered substantial prejudice from the arbitrator's decision to exclude the recordings.

13      Ausloos also argues that the arbitrator erroneously excluded from evidence the native

14 version of an email and ignored expert testimony in favor of lay testimony.  But it is within the

15 arbitrator's discretion to "determine the admissibility, relevance, materiality and weight of any

16 evidence." NRS § 38.231.  The arbitrator explained that he excluded the native email because it

17 was already admitted in PDF form, and Ausloos offered the native version at a stage in the

18 arbitration where Binkele and EPT could not subject the document to examination. ECF No. 36-

19 1 at 13.  Ausloos does not explain why the native version was more material than the PDF

20 version or how he was substantially prejudiced by its exclusion.  And the arbitrator was entitled

21 to exercise his discretion in assigning weight to Ausloos's expert witness, even if Ausloos

22 disagrees with the weight accorded.  These grounds are insufficient to merit vacatur of the

23 award.

### C. Award of Attorney's Fees

Ausloos argues that the arbitrator's award to Binkele and EPT of $395,847.47 in attorney's fees and costs did not comply with California law.  I construe Ausloos's motion to argue that the arbitrator's decision to award attorney's fees was arbitrary and capricious and manifestly disregarded applicable law. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court liberally construes a pro se filing); ECF No. 41 at 7-8.  To determine whether an arbitrator manifestly disregarded the law, I do not ask whether he correctly interpreted the law. *Washoe Cnty. Sch. Dist. v. White*, 396 P.3d 834, 840 (Nev. 2017).  I instead ask whether the arbitrator knew the law and recognized that it required a particular result, but nonetheless disregarded it. *Id.*  The manifest disregard standard "requires something approaching intentional misconduct." *News+Media*, 495 P.3d at 118.  The fact that Ausloos merely opposes the arbitrator's decision is insufficient to vacate the award. *White*, 396 P.3d at 840.

Under California Code of Civil Procedure § 128.5, a court may order reasonable expenses incurred due to another party's bad faith tactics.  Ausloos asserts that because he was never formally served with a motion for attorney's fees, I should vacate the award.  He also argues that he was not afforded 21 days to withdraw "the challenged action or tactic" that was the basis for the requested attorney's fees. Cal. Code Civ. P. § 128.5(f)(1)(B).  Binkele and EPT respond that even if Ausloos was never formally served with a motion for fees, he had sufficient constructive notice.  They also argue that any error by the arbitrator in interpreting § 128.5 is insufficient to merit vacatur of the award.

I agree with Binkele and EPT that even if the arbitrator erred by awarding attorney's fees, that is not a ground for vacatur of the award under Nevada law.  Courts consistently hold that legal errors by an arbitrator, even if serious, do not merit vacatur. *See, e.g.*, *News+Media*, 495

8

P.3d at 115; *Clark Cnty. Educ. Ass'n*, 131 P.3d at 9; *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (rejecting argument that the FAA, which is substantially like Nevada's arbitration act, permits a court to review arbitration award for legal error). Even if the arbitrator misapplied the law, there is no evidence that he did so knowingly or that his misapplication was something approaching misconduct. Ausloos points to no other grounds for vacatur of the attorney's fees award.

### D. Bias, Insufficient Attention, and Trademark in the MSA

Finally, Ausloos argues that the arbitrator gave insufficient time and attention to the dispute, was biased, and ignored what Ausloos characterizes as a fraudulent trademark in the MSA. I reject these arguments as grounds for vacatur. Ausloos does not sufficiently explain his argument with respect to the trademark or why it is relevant to his motion. The arbitrator referred to EPT's trust structure as "proprietary" and "trademarked as Deferred Sales Trust." ECF No. 36-1 at 5. I am in no position to question those findings, given that Ausloos offers no evidence to the contrary.

Moreover, Ausloos offers no evidence that the arbitrator was evidently partial in favor of Binkele and EPT. The fact that the arbitrator made some evidentiary rulings against Ausloos and ultimately found in favor of Binkele and EPT is insufficient to prove any bias meriting vacatur of the award. *See Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645-46 (9th Cir. 2010) (party seeking to show evident partiality must point to "specific facts indicating actual bias" or show that the arbitrator "failed to disclose to the parties information that creates a reasonable impression of bias" (cleaned up)).

Ausloos also argues that the arbitrator spent insufficient time on the case. I find this unpersuasive. The arbitrator worked on the case for 81 hours and presided over five days of

1  trial. ECF Nos. 36-1 at 5; 41-18.  Ausloos offers no evidence or authority that I may vacate the

2  arbitration award merely because he believes the arbitrator did not give the case sufficient

3  attention, absent evidence that the arbitrator in fact ignored material evidence, committed

4  misconduct, or that any other enumerated ground for vacatur applies.  There is no evidence

5  Ausloos was prejudiced by the amount of time the arbitrator spent on the case.  The arbitrator set

6  forth the proper bases for his decision in his final award.

7  **III.  CONCLUSION**

8      Ausloos has not proved by clear and convincing evidence that the arbitration award meets

9  any of the requirements for vacatur.  I thus deny his motion to vacate the arbitration award.  And

10 because the arbitration award has not been vacated, I must grant the motion to confirm it. *See*

11 NRS § 38.239.

12     I THEREFORE ORDER that Adam Ausloos's motion to vacate **(ECF No. 41) is**

13 **DENIED**.

14     I FURTHER ORDER that Robert Binkele and Estate Planning Team, Inc.'s motion to

15 confirm **(ECF No. 36) is GRANTED**.

16     I FURTHER ORDER the clerk of court to enter judgment against Ausloos and in favor of

17 Robert Binkele and Estate Planning Team, Inc. in the amount of $520,847.47, and to close this

18 case.

19     DATED this 4th day of August, 2023.

20

21
                                    _____
22                                  ANDREW P. GORDON
                                    UNITED STATES DISTRICT JUDGE
23